CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 0 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| In re: Subpoena of Angela George ) ) ) ) ) ) | Miscellaneous Action No. 5:17MC00002<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>Chief United States District Judge |

United States Probation Officer Angela George has been served with a subpoena to testify at the state criminal trial of Clay Marshall Curtis. Curtis is being tried for murder in the Circuit Court for the County of Warren. At the time of the murder, Curtis was on supervised release in this district for a federal firearm offense. The court has been advised that the Commonwealth intends to elicit testimony from the probation officer regarding certain information she received from Curtis while he was under her supervision.[*]

It is well established that the records and reports prepared and maintained by the United States Probation Office are highly confidential, and that there is a strong presumption against disclosing such records to third parties. See United States Dept. of Justice v. Julian, 486 U.S. 1, 12 (1987) ("[I]n both civil and criminal cases the courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals.") (collecting cases). While most cases involving the application of this presumption

---

[*] In accordance with policy directives issued by the Administrative Office of the United States Courts, the matter has been referred to the undersigned chief district judge for consideration regarding an appropriate response to the subpoena. See Guide to Judiciary Policy, Volume 20, Chapter 8, § 840(b)(3) (noting that the chief probation officer should "consult with the chief judge of the court served by the particular office regarding the proper response to a request" directed to an employee of that office).

involve requests for presentence reports, courts have recognized that "the policy reasons behind protecting confidentiality apply at all stages of the proceedings between the defendant and the probation office." In re Sem, No. 2:96-MC-3, 1996 U.S. Dist. LEXIS 1640, at *5 (D. Vt. Jan. 12, 1996) (collecting cases); see also United States v. Harrison, No. 92-543-1, 2003 U.S. Dist. LEXIS 7733, *1-2 (E.D. Pa. May 7, 2003) (observing that "United States probation files are confidential court records compiled in the course of fulfilling court-ordered responsibilities," and therefore cannot be disclosed to a third party without prior authorization from the court).

In order to overcome the presumption against disclosure, a third party must demonstrate that "'lifting confidentiality is required to meet the ends of justice.'" United States v. Figurski, 545 F.2d 389, 391 (4th Cir. 1976) (quoting Hancock Brothers, Inc. v. Jones, 293 F. Supp. 1229, 1233 (N.D. Cal. 1968)); see also United States v. Charmer Indus., Inc., 711 F.2d 1164, 1173 (2d Cir. 1983) ("We agree with the rationale of Hancock Brothers and with its conclusion that the district court should not authorize disclosure of a presentence report to a third person in the absence of a compelling demonstration that disclosure of the report is required to meet the ends of justice."). The court has a "fair measure of discretion" in determining whether this standard has been met. Charmer, 711 F.2d at 1177. In exercising its discretion, the court must consider whether the information at issue is obtainable from other sources. See id. ("A central element in the showing required of a third person seeking disclosure is the degree to which the information in the [probation file] cannot be obtained from other sources."); see also Guide to Judiciary Policy, Volume 8, Chapter 6, § 630 (explaining that confidentiality may be lifted "[i]f the federal court concludes that disclosure of the subpoenaed information is necessary to 'meet the ends of justice,'" and that "disclosure should be denied when the requested information is available by another means since the 'ends of justice' do not include mere convenience").

2

The same considerations have been held to apply when probation records are sought for use in state judicial proceedings, both criminal and civil. See, e.g., United States v. Dove, No. 3:08CR31, 2008 U.S. Dist. LEXIS 89965, at *5 (E.D. Va. Nov. 5, 2008) (denying the petitioner's motion to access the presentence report of a convicted federal offender identified as a witness in a pending state prosecution on the basis that the petitioner's "generalized and unsupported assertion of need fail[ed] to satisfy the heightened standard for third-party access to presentence reports"); In re Sem, 1996 U.S. Dist. LEXIS 1640, at *2 (denying a request to obtain deposition testimony from a federal probation officer for use in a family court proceeding since the petitioner failed to demonstrate a lack of alternative sources for obtaining the information at issue); In re Application of Horsford, 699 F. Supp. 463, 465 (S.D.N.Y. 1988) (concluding that the asserted need for disclosure of a federal offender's presentence and probation supervision records for use in a state criminal proceeding was "not sufficiently compelling to balance the desirability of continued confidentiality of [such records]").

In this case, the court has received a letter from the Commonwealth's Attorney outlining the testimony that the Commonwealth intends to elicit from the probation officer and the significance of the proposed testimony. The court has also received a summary of the probation officer's communications with the federal offender, which confirms the Commonwealth's Attorney's forecast of the evidence. Based on the information provided to the court, and in light of the serious nature of the crime charged, the court concludes that the Commonwealth has met its burden of demonstrating that the proposed testimony is necessary to meet the ends of justice. The court has been advised that the testimony pertains to matters that are uniquely within the knowledge of the probation officer, that the information cannot be obtained from any other sources, and that it is critical to the prosecution of the criminal case. On balance, the court

believes that the Commonwealth's interest in obtaining the probation officer's testimony outweighs the interest in maintaining the confidentiality of the information she received from her supervised releasee. Accordingly, the court will authorize the probation officer to comply with the subpoena and offer testimony relevant to the issues identified by the Commonwealth's Attorney. The court emphasizes, however, that its decision is limited to the particular facts of this case.

DATED: This 10th day of April, 2017.

                                                  */s/ Glen E. Conrad*
                                      Chief United States District Judge